THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUISE MASTROMARINO, Defendant.

Supreme Court, Kings County, July 16, 1933.

*John J. Bennett, Jr., Attorney-General [Sol Ullman, Assistant Attorney-General*, of counsel], for the State of New York.

*John J. Riordan,* for the defendant.

STEINBRINK, J. In my opinion the defendant has failed to establish a right to a certificate of reasonable doubt. The defendant was charged with the crime of practicing medicine without a license in violation of sections 1251 and 1263 of the Education Law. Section 1250 of the Education Law defines the practice of medicine within the meaning of the statute as follows: " 7. A person practices medicine within the meaning of this article, except as hereinafter stated, *who holds himself out* as being able to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition, and who shall either *offer* or undertake, *by any means or method,* to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition."

The statute having been enacted to safeguard public health (*People* v. *Cole*, 219 N. Y. 98), it should receive that construction best calculated to further its purpose. Under the plain wording of the statute one who holds himself out as being able and offers to diagnose, treat, operate or prescribe for any human disease, etc., is guilty of illegally practicing medicine. To read into the statute a requirement that actual therapeutic or surgical treatment be given before the crime is completed would frustrate the very results sought to be achieved; that is, the erection of a safeguard of public health.

At the trial there was testimony showing that the defendant held herself out as able to perform an abortion and that she actually offered to perform one. The necessary instruments were available. This evidence fully sustains the conviction. Motion is denied.